UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ARGELYS VIRGILIO ZAMBRANO ANDRADE,

Petitioner,

v. Case No. 3:26-cv-1678-MMH-PDB

WARDEN, NORTH FLORIDA DETENTION CENTER, et al.,

Respondents.

---

**ORDER**

**I. Status**

Petitioner Argelys Virgilio Zambrano Andrade, an immigration detainee, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition) on June 29, 2026. The Federal Respondents filed Federal Respondents' Opposition to Petition for Writ of Habeas Corpus (Doc. 3; Response) with an exhibit (Doc. 3-1; Exhibit). Zambrano Andrade failed to reply. Respondent Warden filed Respondent Warden, North Florida Detention Center's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 5; Motion) arguing that he is not a proper respondent in this action.

## II. Zambrano Andrade's Petition

Zambrano Andrade, a citizen of Ecuador, entered the United States on December 3, 2018, on a non-immigrant, temporary visa. Exhibit at 2. Although his visa expired on June 2, 2019, Zambrano Andrade continued to remain in the United States without authorization. Id. On June 4, 2026, United States Immigration and Customs Enforcement detained him. Id. The same day, Zambrano Andrade received a Notice to Appear. Id. at 4. An immigration judge ordered Zambrano Andrade removed on July 29, 2026. See EOIR, Automated Case Information, available at www.acis.eoir.gov (last visited Aug. 25, 2026). The Federal Respondents understand Zambrano Andrade to be challenging his mandatory detention under 8 U.S.C. § 1225(b)(2). See Response at 1. As relief, Zambrano Andrade requests, inter alia, immediate release or, alternatively, an individualized bond hearing. Petition at 7.

## III. Exhaustion

The Federal Respondents recognize that Zambrano Andrade is entitled to an individualized bond hearing based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Response at 1. Nevertheless, they argue that

Zambrano Andrade has not exhausted his administrative remedies, and therefore, they ask the Court to dismiss his Petition. Id. at 1, 4–5.

A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). While exhaustion is not a jurisdictional requirement, a federal court may not disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense. Id. at 474–75.

It appears Zambrano Andrade has failed to exhaust his administrative remedies because he has not requested a bond redetermination before an immigration judge. Contrary to the context in which the Court previously excused a failure to exhaust by requesting a bond redetermination, before Zambrano Andrade filed the Petition, the Eleventh Circuit had concluded that noncitizens detained within the interior of the United States, such as Zambrano Andrade, are entitled to a bond hearing. And the Board of Immigration Appeals (BIA) "is obliged to apply the precedent of the relevant court of appeals in cases arising within the associated circuit—even if the Attorney General or the BIA itself disagrees with that precedent." Garcia v. Garland, 73 F.4th 219, 230 n.7 (4th Cir. 2023); see also Stevens v. Osuna, 877 F.3d 1293, 1303 (11th Cir. 2017) ("Immigration Judges are also bound both by agency precedent and by precedent established by the federal appellate

courts." (citation omitted)). As such, the Court is no longer persuaded, without more, that a request for a bond redetermination would be futile or "predetermined." Therefore, the Petition is due to be dismissed without prejudice for failure to exhaust.

Accordingly, it is **ORDERED**:

1. Zambrano Andrade's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**.

2. Respondent Warden, North Florida Detention Center's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 5) is **DENIED as moot**.

3. The **Clerk** is directed to terminate any motions, enter judgment dismissing the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of August, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record